UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARICELLA CERVANTES,

    Plaintiff,

v.                                                                    CASE NO. 14-11370

COMMISSIONER OF                              DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [26]; ADOPTING THE REPORT AND RECOMMENDATION [25]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [18]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [20] AND AFFIRMING THE COMMISSIONER'S DECISION**

This matter is before the Court on Plaintiff's objections to the magistrate judge's report and recommendation. (Docket nos. 25, 26, 27.) Having conducted a *de novo* review of the parts of the magistrate judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court denies Plaintiff's objections, adopts the magistrate judge's report and recommendation, denies Plaintiff's motion for summary judgment and grants Defendant Commissioner of Social Security's motion for summary judgment, affirming the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

The administrative law judge's ("ALJ") findings and the pertinent portions of the administrative record are accurately and adequately set forth in the magistrate judge's report and recommendation and the Court adopts them here. (Report and Recommendation, Dkt. no. 25.)

**I.      Procedural History**

Ms. Cervantes applied for disability insurance benefits (DIB) and Supplemental Security Income (SSI) with a protective filing date of July 19, 2011, alleging that she had been disabled since February 24, 2011. (Transcript at 81-82, 136-48, 159, Dkt. no. 10.) Her claims were denied on December 16, 2011, and she requested a hearing before an ALJ. (Tr. 57-82, 91-92.) The hearing was held on September 5, 2012. (Tr. 12.) In a decision dated October 25, 2012, the ALJ determined that Ms. Cervantes had not been disabled within the meaning of the Social Security Act at any time from February 24, 2011, through the date of the decision. (Tr. 12-22.)

On March 6, 2014, the appeals council denied Ms. Cervante's request for review of the ALJ's decision. (Tr. 1-6.) Plaintiff brought this action on April 3, 2014, and filed a motion for summary judgment on October 6, 2014. (Dkt. no. 18.) Defendant filed a motion for summary judgment on November 20, 2014. (Dkt. no. 20.) The magistrate judge entered a report and recommendation on August 20, 2015, recommending denying Plaintiff's motion for summary judgment. (Dkt. no. 25.) Plaintiff filed objections to the report and recommendation on September 3, 2015, and Defendant filed its response to the objections on September 16, 2015. (Dkt. nos. 26, 27.)

**II.     Standard of Review**

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

**III.     Analysis**

Plaintiff has two objections to the magistrate judge's report and recommendation. First, Plaintiff objects that the magistrate judge disregarded the ALJ's failure to "give any consideration whatsoever to the weight to be given to those opinions" of Plaintiff's treating therapist. Second, Plaintiff "objects to the Magistrate Judge's conclusion that the ALJ's credibility determination met some minimal requirement that it be supported by medical evidence." (Pl.'s Objections 5.)

The Court has reviewed the pleadings, including the ALJ's determination, the record, the magistrate judge's report and recommendation and the objections and response. The Court agrees with the magistrate judge.

**A.     The ALJ Properly Considered The Treating Therapist's Evidence**

The ALJ's decision evidences that he considered Ms. Maciag's notes and the testimony she presented at the hearing. (Tr. 18.) The magistrate judge correctly identified Ms. Maciag as a limited license master social worker and set forth the requirements for considering all evidence of record, including that from a medical provider who is not an "acceptable medical source" as defined in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d); Social Security Ruling, SSR 06-03p, 2006 WL 2329939. The Court agrees with the magistrate judge's conclusion that the ALJ considered Ms. Maciag's evidence in accordance with the Regulations.[1]

---

[1] Despite Plaintiff's argument to the contrary, the magistrate judge did not err in pointing out that the there were no inaccuracies in the ALJ's summary of Kelli Maciag's testimony and treatment records.

4

Part of Plaintiff's objection is that the ALJ improperly dismissed the opinion of examining psychiatrist Harold Lenhart, M.D. Plaintiff argues that this opinion was consistent with the therapist's evidence. In reference to Dr. Lenhart's opinion and what Plaintiff refers to as "Ms. Maciag's opinions and observations," Plaintiff argues that the ALJ separately found "each individual body of evidence unsupported while ignoring that they are all mutually fully consistent and well supported, and that they establish the credibility of Plaintiff's testimony." (Pl.'s Objections 3.) As the magistrate judge points out, the ALJ's opinion considered, discussed and credited examining psychiatrist Dr. Lenhart's opinion in accordance with the Regulations, and the ALJ gave good reasons for the same. With respect to Ms. Maciag, the magistrate judge correctly noted that Ms. Maciag's evidence does not contain an opinion with regard to Plaintiff's limitations or functional capacity and Plaintiff does not identify a specific "opinion" by Ms. Maciag that the ALJ failed to consider.[2] (Report and Recommendation 10.) Contrary to Plaintiff's argument, the ALJ in his decision considered the range of evidence presented in the record, including Ms. Maciag's treatment notes, observations and testimony. For example, the residual functional capacity limits Plaintiff's contact with others, including coworkers, supervisors and the public, a finding consistent with Ms. Maciag's testimony that Plaintiff has trouble trusting people. (Tr. 18-19, 52.)

---

[2] Plaintiff specifies in her objections that she "does not argue that the ALJ failed to properly consider those opinions, that he simply chose to dismiss absolutely all of the opinions from that one most reliable source in the record. No, Plaintiff's argument, which Defendant cannot dispute and the Magistrate Judge should not have ignored, is that the ALJ gave Ms. Maciag's opinions <u>no consideration whatsoever</u>." (Pl's Objections 4.)

5

**B.     The Credibility Determination Is Supported By Substantial Evidence**

Second, Plaintiff objects to the magistrate judge's conclusion that the ALJ's credibility determination was supported by substantial evidence. Plaintiff objects that the ALJ's determination that "Plaintiff's subjective complaints were inconsistent with the medical evidence of record" is not supported by substantial evidence. Plaintiff takes issue with the ALJ's citation to Kishore Kondapaneni, M.D.'s observations that Plaintiff had depressed mood and affect as well as "preserved thought processes and cognition." (Tr. 19.) Plaintiff objects that the magistrate judge did not explain "how the lack of irrelevant findings such as 'preserved thought processes and cognition' in any (sic) refute Plaintiff's testimony about her disability depression and anxiety." (Pl.'s Objections 5.)

As Defendant points out, it does not appear that this argument was raised in Plaintiff's motion before the magistrate judge and it remains undeveloped in Plaintiff's objections. To the extent Plaintiff is arguing that it is irrelevant or that the ALJ somehow erred in citing these examples of Dr. Kondapaneni's observations, the argument is unfounded. In this instance, the ALJ has cited evidence showing that Dr. Kondapaneni both consistently observed Plaintiff's "depressed mood and affect," yet noted Plaintiff's thought process and cognition were preserved. (Tr. 19.) Such citations to the evidence are not irrelevant to the ALJ's findings. The ALJ cited several sources of evidence showing that, despite Plaintiff's impairment of depression and symptoms related to the same, she remains able to function in ways relevant to the determination of disability. For example, the ALJ cited Ms. Maciag's testimony that even when Plaintiff "shuts down" due to depression, she remains able to meet the basic needs of her household on her own. (Tr. 18.) The ALJ also cited evidence showing that despite depression and some of Plaintiff's

6

self-reports, she retains a level of mental functioning that allows her to supervise children in her part-time volunteer position, manage her finances, drive, and socialize with friends. (Tr. 16, 19.)

Finally, Plaintiff objects that the magistrate judge "chose to accept the ALJ's reasoning that her performance of minimal part time work was a legitimate basis for the ALJ to conclude that she could perform full time work." (Pl.'s Objections 5.) Plaintiff states that the magistrate judge and the ALJ "chose to ignore that Plaintiff only performed this work because it was a requirement imposed by the State of Michigan to continue receiving the bare survival needs to support herself and her children, and that she continues this work against advice of her therapist and despite the psychological damage it caused her." (Pl.'s Objections 26.) There is no evidence that the work "caused" her psychological damage or that she is continuing against medical advice. Plaintiff testified both that she was able to perform ten hours per week and that it was the therapist who thought she should not work 20 hours per week. (Tr. 37-38.) A doctor's notation for decreased work hours provides no explanation for reducing the hours nor does it identify who initiated the reduction in hours. (Tr. 447.) In the same paragraph as the notation, the treatment provider reports that Plaintiff is overwhelmed with her three small children, the father is not helping with the children, she has limited supports, and the provider will see her weekly until she is stabilized on her medications. (Tr. 447.) According to Plaintiff's testimony she had trouble with the work, which was to supervise children, both because the children playing reminded her of her own lost childhood due to abuse, and reminded her that she was not with her own children while she was performing this work. (Tr. 37-38.) The former reason is

addressed by the ALJ's RFC limitation to no work with the public, and the latter is not a consideration for the determination of disability.

While the ability to perform a part-time position is not necessarily indicative of the ability to maintain full-time employment, the ALJ may properly consider part-time work "as one factor relevant to the determination" of disability, and this was not the only activity of daily living the ALJ considered. *See Miller v. Comm'r of Soc. Sec.*, 524 Fed. Appx. 191, 194 (6th Cir. 2013). As the magistrate judge pointed out, the ALJ also considered the fact that Plaintiff manages her own household and three small children, by her own report she can pay her bills and saves money for other expenses, she performs housework, manages her own personal care, prepares simple meals, drives, shops, takes her children outdoors, and socializes one to two days per week by going out with friends. (Tr. 19-20; Report and Recommendation 17.) The part-time employment to which the ALJ referred was only one of several activities that the ALJ considered. Plaintiff provides no legal authority for an assertion that the motivation for performing part-time work should diminish its evidentiary value as an activity of daily living. The magistrate judge properly addressed this in her report and recommendation.

## IV.  Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Objections (dkt. no. 26), ADOPTS the Magistrate Judge's Report and Recommendation (dkt. no. 25), DENIES Plaintiff's Motion for Summary Judgment (dkt. no. 18), GRANTS Defendant's Motion for Summary Judgment (dkt. no. 20) and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: September 24, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 24, 2015, by electronic and/or ordinary mail.

                    s/Carol J. Bethel
                    Case Manager